JULIUS LESZYNSKY, Respondent, *v.* SAMUEL H. LESZYNSKY, Appellant.

*Supreme Court, First Department, General Term, July 9, 1889.*

1. *Appeal*—The finding of a jury, upon the facts, where a case is properly submitted to them on conflicting evidence, in a fair and impartial charge, to which no exception is taken, must stand, unless some error of law was committed by the court in its ruling upon evidence.
2. *Same*—A harmless error is no ground for reversal.

Appeal from a judgment entered upon a verdict, and from an order denying a motion for a new trial.

*Richard S. Newcombe*, for appellant.

*Mr. Kingsbury*, for respondent.

BARTLETT. J.—In the argument of this appeal the learned counsel for the defendant has relied chiefly upon the proposition that the verdict is so clearly against the weight of evidence as to require the court to grant a new trial. The action is brought to recover $10,000 alleged to have been loaned by the plaintiff to the defendant, who is his cousin. The plaintiff not only testifies to the making

of the loan, as a matter of fact, but he produces a state-
ment in writing, signed by the defendant, in which the de-
fendant acknowledges having received from the plaintiff
on November 1, 1883, $10,000 on deposit. The defendant
denies that any loan was made, and explains the certificate of
deposit by saying in substance that he executed it in order
to enable the plaintiff to exhibit it to some parties with
whom he was carrying on business negotiations, in order to
convince them that he was a man of means. The defend-
ant also introduced evidence tending to show that while he
had received a considerable sum of money from the plaint-
iff, it was not as a loan, but as his share in the profits
derived from a mining scheme, in which the parties to this
action were jointly interested. The conflict of evidence in
the case was direct and positive, and of such a character as
to lead the learned judge, who presided at the trial, to in-
timate that there must be perjury on one side or the other.
We have gone carefully over the testimony, however, and
are unable to say that the proof so greatly preponderates
against the plaintiff as to justify us in setting aside the
verdict on that ground. The case was one for the jury to
pass upon, and was left to the jury in a most fair and im-
partial charge, to which no exception was taken, and their
finding upon the facts must stand, unless some error of law
was committed by the court in its rulings upon evidence.

The only error alleged in behalf of the appellant, relates
to certain testimony given by the plaintiff in rebuttal. Mr.
Morris Goodheart, a lawyer, had testified in behalf of the
defense to certain statements, which he said had been made
by the plaintiff, to the effect that the defendant was inter-
ested with him to the extent of one-half in the proceeds of
certain mining ventures.

On cross-examination, the counsel for the plaintiff sought
to show that on another occasion when Mr. Goodhart was
present, the plaintiff had been examined as a surety, and had
testified that he then had at least $8,000 in the defendant's

hands.  Mr. Goodhart, however, had no recollection of any
such occurrence, or of any such testimony having been
given by the plaintiff in his presence.  When the plaintiff
was put on the stand in rebuttal, he was examined with
reference to what had occurred in Mr. Goodhart's presence
on the occasion of his own examination as a surety, to
which Mr. Goodhart's attention had been called.  He tes-
tified, in substance, that he did make the deposition, con-
taining the statement that the defendant had $8,000 of his
money, in Mr. Goodhart's presence.  He was then asked
whether Mr. Goodhart did not say that he knew about it,
and it was all right.  To this question objection was made,
on the ground that no such question had been put to Mr.
Goodhart.  The objection having been overruled and an
exception taken, the plaintiff answered in the affirmative.

The general import of Mr. Goodhart's testimony was
that he understood from the parties to the action, at a time
when he was acting for them professionally, that they
were to divide the money realized from the mining scheme.
To discredit him upon this point, it was permissible for the
plaintiff to prove that the witness had been informed other-
wise, and had acknowledged that he knew the plaintiff
had money with the defendant.  This ought not to have
been allowed, however, without first calling Mr. Good-
hart's attention to the language he was said to have used;
but the omission to lay a proper foundation for the ques-
tion in this respect was not of any real importance, since
Mr. Goodhart had disclaimed any recollection of having
been present at all when the plaintiff was examined as
a surety.  Hence, whatever error there may have been in
admitting the statement of the plaintiff as to this conver-
sation, it was harmless to the defendant; and the correct-
ness of this view is confirmed by the statement which we
find in the brief of the learned counsel for the appellant,
to the effect that the remarks attributed by the plaintiff to
Mr. Goodhart on that occasion " are capable of a construc-

tion equally consonant with the defendant's story." If so, it is only fair to presume that the jury gave them that construction if they were fairly entitled to it.

The judgment and order appealed from should be affirmed, with costs.

VAN BRUNT. Ch. J., concurs.