(52 Misc. Rep. 488)

### KUPFERBERG v. HOROWITZ et al.

(Supreme Court, Appellate Term. February 4, 1907.)

BILLS AND NOTES—CERTIFICATE OF PROTEST—CERTIFICATE AS EVIDENCE.

　　Every intendment is in favor of the performance by a notary public of his duties, and his certificate to the protest of negotiable paper for nonpayment should be read in harmony with the performance of his official duty, unless the contrary construction is clearly indicated.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, § 1122.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District. Action by Isaac Kupferberg against Harry Horowitz and others.

From a judgment for defendant Harry Horowitz, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, BLANCHARD, and DAYTON, JJ.

Emanuel Klein, for appellant.

Sternberg & Jacobson, for respondent.

BLANCHARD, J.   The defendant indorsed two promissory notes, for $100 each, which by their terms were made payable at a bank in Newark, N. J., and refused to pay them on the ground that he did not receive notice of their dishonor.

The learned court below gave judgment for the defendant, and we think he erred in so doing.   The notes were made by one Schwartzman, and indorsed by the defendant Horowitz at the time they were delivered to the payee, who is the plaintiff.   They also bear the signature of the payee, presumably for discount or collection.   At the time of maturity they were presented for payment at the place they were made payable, and their payment was duly demanded and refused.   Thereupon the notaries public who presented the notes for payment duly protested them, respectively, and so certified under the seals of their office.   The plaintiff testifies that he received notice of the protest of each of the notes, and that he called on the defendant Horowitz, who told him that he had also.   The defendant denies that he received notice of protest, but admits that the plaintiff told him that the notes had not been paid, and that he went to see the maker of the notes with the plaintiff.   Moreover, the notes bore the address of the defendant, which was evidently put there by the defendant at the time of his indorsement of them.   The notaries public who presented and protested the notes charged for mailing, and this court may take judicial notice that they performed their duty.   Every intendment is presumed to be in favor of the fair performance of his duty by a notary public who certifies to the protest of negotiable paper for nonpayment, and his certificate should be read in harmony with the performance of official duty, unless the contrary construction is clearly indicated.   McAndrew v. Radway, 34 N. Y. 511, 513.

We think that the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.   All concur.