Edward A. Scott (Bernhard Raymond, on the brief), for appellant. James D. Bell (James W. Covert, on the brief), for respondent.

PER CURIAM. The plaintiff slipped on ice on the sidewalk, and broke her leg. The evidence showed that there was a broken leader on a house which cast water on the sidewalk every time there was a rain or thaw, and that the water froze there, and that there was an alternation of freezing and thawing there all the time in the winter, and that that had been the condition there for more than a year. The nonsuit was error. Such a continuous condition was a nuisance to be abated by the city.

The judgment should be reversed.

Judgment reversed and new trial granted, costs to abide the event.

---

(128 App. Div. 866.)

### McGLYNN v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department. November 27, 1908.)

1. CARRIERS (§ 320*)—CARRIAGE OF PASSENGERS—INJURIES—QUESTIONS FOR JURY.

In an action against a carrier for injuries to a passenger by the sudden starting of the car, *held*, that the question of defendant's negligence in starting the car was for the jury under the evidence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1160; Dec. Dig. § 320.*]

2. WORDS AND PHRASES—"COUPLE OF MINUTES."

The expression, a "couple of minutes," used by a plaintiff in an action against a carrier in her testimony that, after getting on the car, she waited a "couple of minutes" before attempting to reach her seat, is not necessarily a statement that she desisted for 120 seconds in the act of seeking a seat, but it should be construed to mean a brief space of time, as a second or a few seconds, and the Century Dictionary is authority for the statement that a minute is loosely speaking but a "short space of time."

3. CARRIERS (§ 320*)—CARRIAGE OF PASSENGERS—INJURIES—QUESTIONS FOR JURY.

It is a question for the jury whether it is want of ordinary care to start a street car before a woman passenger has obtained a seat.

[Ed. Note—For other cases, see Carriers, Cent. Dig. § 1160; Dec. Dig. § 320.*]

Woodward, J., dissenting, and Gaynor, J., dissenting in part.

Appeal from Trial Term, Nassau County.

Action by Therese E. McGlynn against the Nassau Electric Railroad Company. From a judgment of dismissal, plaintiff appeals. Reversed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Howard A. Sperry, for appellant. Francis R. Stoddard, Jr. (D. A. Marsh, on the brief), for respondent.

---

For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

JENKS, J.   The plaintiff sues the defendant, an electric street surface railroad corporation, for its negligence in starting its car before she gained a seat in it.   She was dismissed at the close of her case.   After testifying that she got into the closed car, the plaintiff continued:

"I could not have been very far in the car.   I just passed the door.   Then I started to go, and the car started and I braced myself on my right foot, waited a couple of minutes, and then, thinking everything was all right, I started again.   It gave a terrific jolt and threw me, and I braced on my left foot, and with that something snapped in the inside of my left knee. * * * It jerked me.   I did not fall at all.   I caught the nearest thing, one of the chairs."

I think that the jury could infer properly from this testimony that the injury to the plaintiff was due to the fact that the car was started before the woman had gained her seat.   At the time of the alleged jolt, she was still in the act of seeking a seat, and the jury could conclude that her wait was due to the fact that the car had been started prematurely, and was incidental to her progress towards a seat.   I think that the fact that the witness testified that she waited "a couple of minutes" was not necessarily to be taken as a statement that she desisted for 120 seconds in the act of seeking a seat.   We all know well that it is common parlance to describe the briefest space of time—a second or a few seconds—by some such expression as "a minute" or "a few minutes."   Loosely a minute is "a short space of time."   Century Dictionary.   I think under the rule of Dochtermann v. Brooklyn Heights R. R. Co., 32 App. Div. 13, 52 N. Y. Supp. 1051, affirmed 164 N. Y. 586, 58 N. E. 1087, stated by Cullen, J., and adopted by us in Morrow v. Brooklyn Heights R. R. Co., 119 App. Div. 22, 103 N. Y. Supp. 998, that the plaintiff should not have been nonsuited.   That rule is as follows:

"But, assuming that the liability in the operation of electric cars is no greater than that of horse cars, I am still of opinion that, considering the frequency of the occurrence of such accidents, the jury might properly find that it was want of even ordinary care to start the car until a woman had obtained her seat, whatever may be the rule when the passenger is a man."

See Morrow v. Brooklyn Heights R. R. Co., supra, and cases cited. I advise that the judgment be reversed and a new trial be granted, costs to abide the event.

HOOKER and MILLER, JJ., concur.   GAYNOR, J., concurs in separate opinion.   WOODWARD, J., dissents.

GAYNOR, J.   I am not willing to concur in the suggestion that it may have been negligent to start the car before the plaintiff was seated.   The universal practice with stages and cars, here and abroad, is to start them before the passenger is seated.   A contrary practice would be an interruption of travel which the community could not and should not tolerate.   I vote to reverse on the ground of the "terrific" jolt.   As little as we believe that it happened, it was for the jury to say.