EDELSON v. MONAHAN.

(Supreme Court, Appellate Term. January 5, 1911.)

1. NEW TRIAL (§§ 72, 77*)—VERDICT—RIGHT TO SET ASIDE.

　　A verdict should not be set aside unless it appears to have been reached through passion, prejudice, or partiality, or to be clearly against the weight of the evidence.

　　[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 146–148, 157–161; Dec. Dig. §§ 72, 77.*]

2. COURTS (§ 190*)—MUNICIPAL COURTS—GRANTING OF NEW TRIAL—PRESUMPTIONS.

　　Under General Rules of Practice No. 31, requiring an order granting a new trial except on exceptions taken during the trial to specify the grounds on which it is granted, an order of the Municipal Court setting aside a verdict without specifying the grounds therefor must be deemed to have been based on the exceptions taken at the trial.

　　[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Joseph Edelson against Thomas Monahan. From an order setting aside a verdict for plaintiff and ordering a new trial, he appeals. Reversed, and verdict reinstated.

Argued before GIEGERICH, BRADY, and GAVEGAN, JJ.

Moses N. Schleider, for appellant.

James B. Henney, for respondent.

GIEGERICH, J. The plaintiff appeals from an order setting aside the verdict of a jury and ordering a new trial.

The action was brought to recover for personal injuries occasioned by being hit by an automobile owned and operated by the defendant. It is unnecessary to go into the details of the testimony given upon the trial. Suffice it to say that a careful examination of the record shows that nothing but a clean-cut question of fact was presented for the consideration and determination of the jury. A motion to dismiss was made at the close of the plaintiff's case and renewed at the close of the entire case and denied in both instances. To the charge there were no exceptions taken, and it was fair, and the question of the plaintiff's freedom from negligence and the defendant's negligence was submitted to the jury. The verdict was for but $150 damages, and it is not claimed that it is excessive. It has so often been held that a verdict of a jury should not be set aside unless it clearly appears to have been reached through passion, prejudice, or partiality, or as clearly against the weight of evidence, that a citation of authorities is unnecessary. None of these elements are shown to have entered into this case. Moreover, the order not setting forth any grounds for setting aside the verdict, it must be held to have been based upon the exceptions taken at the trial (Rule 31, General Rules of Practice; Pase v. Woodside Heights Land Co., 124 App. Div. 891, 108 N. Y. Supp. 125), and none are pointed out as having been taken. In fact, the record is barren of an objection or exception worthy of consideration.

Order reversed, with costs, and verdict reinstated. All concur.