(70 Misc. Rep. 380.)

## CHARLES GOTTLIEB & CO. v. COUTANT.

(City Court of New York, Trial Term.   January 17, 1911.)

1. TRIAL (§ 143*)—PROVINCE OF JURY.

The case is for the jury where the evidence makes an issue of fact; the court being authorized to take the case from the jury only where the evidence is uncontradicted, or so preponderates for one party that a verdict for the other party would indicate that the jury acted by favor, prejudice, or passion.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 342, 343; Dec. Dig. § 143.*]

2. EVIDENCE (§ 589*)—WEIGHT AND SUFFICIENCY—TESTIMONY OF PARTY.

The credibility of the witnesses, and the effect and weight of conflicting evidence, being questions of fact and not of law, the jury may believe a particular witness, though a party, as against the testimony of a number of other witnesses.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2438; Dec. Dig. § 589.*]

3. MASTER AND SERVANT (§ 41*)—WRONGFUL DISCHARGE—DAMAGES—EVIDENCE.

Unless he showed what he had earned since his wrongful discharge, or what efforts he had made to secure similar employment, a traveling salesman could not recover against his employer substantial damages for his discharge.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 53; Dec. Dig. § 41.*]

4. NEW TRIAL (§ 140*)—GROUNDS—VERDICT CONTRARY TO EVIDENCE.

In an action for money loaned to defendant, in which defendant counterclaimed for breach of a contract employing him for a year as a salesman, evidence held to show that a verdict for defendant for $1 was the result of a compromise, and against the weight of the evidence.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 296; Dec. Dig. § 140.*]

5. NEW TRIAL (§ 161*)—CONDITIONS.

The court should set aside a compromise verdict for defendant, which is against the weight of the evidence, as a matter of right, and not of favor, and hence should not impose costs upon plaintiff upon setting it aside.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 322; Dec. Dig. § 161.*]

Action by Charles Gottlieb & Co. against Charles A. Coutant. On plaintiff's motion for a new trial after verdict for defendant. Motion granted.

Fromme Bros. (Chilton Devereux, of counsel), for plaintiff.

Adolph & Henry Bloch (Charles E. Travis and George W. Smyth, of counsel), for defendant.

FINELITE, J.   The jury found a verdict in favor of defendant for the sum of $1.   The plaintiff, on the rendition thereof, immediately moved to set aside the verdict on the ground that it was a compromised one, based on speculation and not on the evidence, and for a new trial on all the grounds stated in section 999 of the Code of Civil Procedure.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It appears from the facts herein that the action was brought by the plaintiff to recover the sum of $589.32, a balance claimed to be due them from the defendant for money loaned to the defendant between April 19 and July 20, 1910, at his special instance and request. The defendant by his answer denied the allegations of the complaint, and as a further defense and counterclaim alleged that the defendant had been employed by the plaintiff as a salesman, and that a verbal contract was entered into between them, employing the defendant for the period of one year; that he was to receive a drawing account of $50 per week and all his traveling expenses, and in addition a commission of 7½ per cent. on all sales made by him, provided such commissions should exceed the sum of $50 per week and the traveling expenses aforesaid, and demanded a judgment in his favor in the sum of $2,000. The plaintiff on the trial testified to the amounts borrowed, and the promise made by defendant at various times to repay the sums borrowed, and further testified that the money so borrowed by defendant was to enable him to pay the expenses for his wife, who was then ill, and expenses for defendant to go to Philadelphia, Pa., and Chicago, Ill., as stated by defendant to plaintiff, to be used as his expenses while on the road, and denied that any contract was entered into between them, other than on all goods sold for plaintiff said defendant was to receive a commission of 7½ per cent. These facts were corroborated by two disinterested witnesses on behalf of the plaintiff. Defendant denied these facts, and failed in his proof to offer any evidence to support the alleged counterclaim set up by him; but some proof was offered as to the breach of the alleged contract of employment. A question of fact was thereupon presented by the evidence. The case was submitted to the jury for their deliberation. Before the jury found its verdict they requested instructions from the court, which are as follows:

"Can we bring in two verdicts, for claim and counterclaim?

"The Court: The jury must find a verdict according to the evidence and the instructions given by the court in his charge, and return but one verdict."

Thereupon the jury sent in the following:

"Can we bring in a verdict for the defendant and disallow the counterclaim?

"The Court: The instructions of the court are the jury must render a verdict according to the evidence and according to the law as charged."

All the above was had in the immediate presence of the respective counsel. The jury then found a verdict for defendant in the sum of $1 as aforesaid. Can it be said that the verdict so rendered was a compromise one? If so, then it is the court's duty to set it aside.

The amount of the verdict showed that the jury, in determining the case, either wholly disregarded the evidence, or misapprehended its effect, or overlooked some important fact, or necessarily found some fact in defendant's favor which is inconsistent with a verdict for any amount in favor of defendant. It is well settled by authority that in a case where the right of trial by jury exists, and the evidence presents an actual issue of fact to be decided, it is for the jury and not for the court; and whenever a plaintiff has established facts or cir-

cumstances which would justify a finding in his favor, the right to have the issue of fact determined by a jury continued, and the case must ultimately be submitted to it. The credibility of witnesses, the effect and weight of conflicting and contradictory testimony, are all questions of fact and not questions of law. It is only where the evidence is uncontradicted, or is so preponderating in one direction that a verdict to the contrary would indicate that the jury was actuated by favor, prejudice, or passion that the court is justified in taking the case from the jury and determining the case itself. Layman v. Anderson & Co., 4 App. Div. 124, 38 N. Y. Supp. 883; McCann v. N. Y.-Queens R. R., 73 App. Div. 305, 76 N. Y. Supp. 684; Dallin v. Mayer, 122 App. Div. 676, 107 N. Y. Supp. 316; Berkowitz v. Consol. Gas. Co., 134 App. Div. 389, 119 N. Y. Supp. 104; Swartout v. Hillingham, 6 Misc. Rep. 179, 26 N. Y. Supp. 769.

The defendant contends in his argument that by the rendition of a verdict for defendant in a nominal sum the jury discredited the evidence of the plaintiff that there was an expressed promise to repay the sum alleged to have been loaned, and that they believed the defendant's testimony in regard to the existence of a yearly contract and his wrongful discharge, and that in the absence of proof of substantial damages they have awarded to him nominal damages in the sum of $1 for the breach of the contract of employment. And he admits that if the jury had returned a verdict for any substantial sum in favor of defendant it would have been proper for the court to set it aside, for the reason that the defendant introduced no proof which would sustain such a verdict. There was no testimony to show what amount, if any, the defendant had earned since his discharge, or what efforts he had made to procure similar employment, and until he made proof of both of these facts he would not be entitled to recover substantial damage. The defendant thus succinctly states his contention to uphold the verdict as found.

Had the jury in the first instance not requested instructions from the court and rendered a verdict for the defendant, it would manifestly be the court's duty to let the verdict stand, as the question of the weight of evidence is always a question for the jury, and they are at liberty to believe one witness, even though he be a party, as against a number of other witnesses. Steinle v. Met. St. Ry., 69 App. Div. 85, 74 N. Y. Supp. 482; McDonald v. Met. St. Ry., 167 N. Y. 66, 60 N. E. 282; Von Der Born v. Schultz, 104 App. Div. 94, 93 N. Y. Supp. 547. But when the jury finally agreed upon a verdict, it must have had in mind the requests first submitted by it to the court, and did intend to find a verdict in favor of both plaintiff and defendant, until instructed by the court the orderly manner in finding a verdict. The verdict thus found for the sum of $1 in favor of the defendant no doubt is clearly the result of a compromise based on speculation, and not warranted by the weight of the evidence. In Larkin v. United Traction Co., 76 App. Div. 238, 242, 78 N. Y. Supp. 538, 541, Chase, J., said:

"The credibility of witnesses, the effect and weight of conflicting and contradictory testimony, are all questions of fact and not questions of law. If a court of review, having power to examine the facts, is dissatisfied with a verdict because against the weight or preponderance of evidence, it may be

set aside; but a new trial must be granted before another jury, so that the issue of fact may be ultimately determined by the tribunal to which those questions are confided. If there is no evidence to sustain an opposite verdict, a trial court is justified in directing one, not because it would have authority to set aside an opposite one, but because there was an actual defect of proof, and hence as a matter of law the party was not entitled to recover. Colt v. Sixth Ave. R. R., 49 N. Y. 671; Bagley v. Bowe, 105 N. Y. 171, 179 [11 N. E. 386, 59 Am. Rep. 488]."

The compromise verdict thus rendered in the case at bar, if let to stand, would be a miscarriage of justice, and the court is justified, in the discretion invested in it, in setting the verdict aside for error of the jury as a matter of right, not of favor, and without costs. It is difficult to logically conclude that a party to an action concerned, when an anomalous verdict has been rendered against him, should be penalized in the payments of costs as a condition of redressing a wrong which has been done by the jury in the case at bar. The plaintiff is thus relieved from the imposition of costs against it for the relief granted. Wilmerding v. Feldman, 54 Misc. Rep. 626, 104 N. Y. Supp. 776; Duffy v. City of N. Y., 55 Misc. Rep. 25, 105 N. Y. Supp. 68. The rule thus promulgated by the cases above cited has now been adopted by the Appellate Division of the First Department in refusing to allow costs in such cases when a new trial is granted for error of the jury, and not the fault of the party, which seems to me to be logical and reasonable. Rothenberg v. Brooklyn Heights R. R., 135 App. Div. 151, 119 N. Y. Supp. 1001.

The motion for a new trial for error of the jury is therefore granted, and without costs. Settle order on notice.