H. HERRMANN LUMBER CO. v. BJURSTROM et al.

(Supreme Court, Appellate Term.    November 10, 1911.)

1. EVIDENCE (§ 586*)—WEIGHT—POSITIVE AND NEGATIVE EVIDENCE—NOTICE OF PROTEST.

An indorser's inability to recollect whether he received written notice of protest does not overcome positive proof that written notice was mailed.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2432–2435; Dec. Dig. § 586.*]

2. BILLS AND NOTES (§ 419*)—NEGOTIABLE INSTRUMENTS LAW—NOTICE OF PROTEST—FORM.

Negotiable Instruments Law (Consol. Laws 1909, c. 38) § 166. provides that a written notice need not be signed, and an insufficient written notice may be supplemented and validated by verbal communication, and that misdescription of the instrument does not vitiate the notice, unless the party to whom notice is given is in fact misled. Section 167 declares that notice may be in writing or oral, and may be given in any terms sufficient to identify the instrument and indicate that it had been dishonored. *Held*, that a letter, written by the holder to the indorser, informing him that the note of K. for $300, due at the writer's office the day the notice was sent, and indorsed by the defendant, had not been paid, and requesting that defendant send a check in settlement by return mail, was not fatally defective as a notice of protest, for failure to give the date of the note, the period for which it was made, and the name of the payee.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1129–1137; Dec. Dig. § 419.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the H. Herrmann Lumber Company against Ivar Bjurstrom, impleaded with another. From a Municipal Court judgment in favor of defendant, after trial to the court, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and COHALAN, JJ.

Otto Greenberger, for appellant.

Axel Josephsson, for respondent.

GUY, J. . Action on a promissory note for $300. Defense by indorser that there was no sufficient notice of protest. Plaintiff claims there were two written notices of protest, as follows:

"New York, May 15, 1911.

"Mr. I. Bjurstrom, 2650 Broadway, City—Dear Sir: We beg to inform you that the note of Carl A. Karlson for $300, due to-day at our office, indorsed by you, has not been paid. Mr. Karlson was here, and said he could not take up the note until the 29th inst. We would therefore ask you to send us a check in settlement by return mail.

"Yours truly,                                    H. Herrmann Lumber Co."

"New York, May 29, 1911.

"Mr. I. Bjurstrom, 2650 Broadway, City—Dear Sir: The note of Mr. Karlson for $300, due May 15th and indorsed by you, has not yet been paid, and unless you take it up at once we will place the matter in the hands of our attorney for collection.

"Yours truly,                                    H. Herrmann Lumber Co."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

131 N.Y.S.—44

Plaintiff's testimony tended to show that the respondent indorser was present at the making of the note, and that the letter of May 15th was duly mailed. Plaintiff's carbon copy thereof was put in evidence. Presentment and demand and refusal of payment were proved. About two days later the respondent was called up, and asked what he intended to do about the note. He answered:

"Everything will be all right. I will be down to your office Monday or Tuesday."

Respondent indorser, in answer to a leading question, does not remember receiving the letter of May 15th. After his memory had been refreshed by reading his affidavit denying notice of protest, he finally said, in answer to another leading question, that the first notification he had that the note was unpaid was when he received the letter of May 29th. Questions tending to show that he had promised to call at plaintiff's office in regard to the payment of the note, also that he had refused to pay it, were excluded, the former over exception. The trial justice dismissed the complaint, saying:

"Assuming that the letter of May 15th was in fact mailed and received by the defendant, * * * the notice contained in that letter is not a sufficient notice to hold the indorser. * * * The letter of May 29, 1911, 14 days afterwards, was not timely."

The trial justice held the letter of May 15th ineffectual, because Karlson "was entitled to have the date of the note given him, and for what period it was made"; also "the name of the payee."

[1] Defendant's inability to recollect whether he received written notice of protest does not overcome the positive proof that such notice was written and mailed. Hastings v. Brooklyn Life Ins. Co., 138 N. Y. 473, 476–478, 34 N. E. 289; Kupferberg v. Horowitz, 52 Misc. Rep. 488, 489, 102 N. Y. Supp. 502; McAndrew v. Radway, 34 N. Y. 511, 513.

[2] Inartificial language, accompanied by an omission to give the date of the making of the note, the day of its maturity, and the name of the payee, does not invalidate a notice of protest. Youngs v. Lee, 12 N. Y. 551, 554. The negotiable instruments law says:

"Sec. 166. When Notice Sufficient. A written notice need not be signed and an insufficient written notice may be supplemented and validated by verbal communication. A misdescription of the instrument does not vitiate the notice unless the party to whom the notice is given is in fact misled thereby.

"Sec. 167. Form of Notice. The notice may be in writing or merely oral and may be given in any terms which sufficiently identify the instrument, and indicate that it has been dishonored by nonacceptance or nonpayment. It may in all cases be given by delivering it personally or through the mails."

Moreover, the exclusion of all parol proof of respondent's promises or declarations in regard to the nonpayment of the note may have excluded proof of a verbal notice.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.