ALEXANDER H. WATERMAN, as Administrator, etc., of ELIZABETH WATERMAN, Deceased, Appellant, *v.* EMPIRE STATE RAILROAD, Respondent.

Fourth Department, November 26, 1924.

Street railways — injuries to passengers — action to recover for death of plaintiff's intestate — plaintiff's intestate walked with crutches — she asked motorman to wait until she could reach seat — motorman started one-man car suddenly and intestate was bruised — intestate had diabetes — injury brought on diabetic coma — error to direct verdict for defendant.

It was error for the court to direct a verdict for the defendant in an action to recover damages for the death of plaintiff's intestate who was injured while a passenger on one of defendant's street cars, since it appears that the intestate, who had but one leg and was obliged to walk with crutches, boarded one of defendant's one-man street cars and after paying her fare asked the motorman not to start the car until she could reach a seat; that the motorman disregarding her request started the car with a sudden jerk, with the result that the intestate was thrown violently against another passenger and severely bruised over the fifth and sixth ribs; that the intestate had suffered from diabetes for several years but was able to do her work; that she died of diabetic coma three days after the accident but was confined to her bed ·from the day following the accident to the time of her death; and that the testimony of the physicians was to the effect that her death was due to the accident. Under the evidence, the jury should have been permitted to pass upon the question whether or not the defendant was negligent and, if so, whether that negligence was the proximate cause of the intestate's death.

APPEAL by the plaintiff, Alexander H. Waterman, as administrator, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Oswego

on the 18th day of May, 1923, upon the verdict of a jury rendered by direction of the court.

*Joseph T. McCaffrey,* for the appellant.

*Williams & Cowie [Daniel Scanlon* of counsel], for the respondent.

CLARK, J.:

The plaintiff, as administrator of the estate of his wife, Elizabeth Waterman, brings this action against the defendant, an electric street railroad corporation, for injuries to his wife which resulted in her death which it is claimed were caused by defendant's negligence in starting one of its cars on which intestate was a passenger before she had time to get to a seat.

At the close of all the evidence a verdict was directed in favor of the defendant to which counsel for plaintiff duly excepted.

On the evening of October 3, 1922, plaintiff's intestate boarded one of defendant's cars in the city of Oswego as a passenger and paid her fare. She had had a leg amputated in early life and used crutches. It could be found from the evidence that the car in question was a one-man car, so called, and that as intestate was paying her fare after she had boarded the car, she asked the motorman to wait and give her time to take a seat, but instead of doing so he started the car with a sudden jerk with the result that intestate was thrown violently against another passenger, her crutches flew off, her hand bag was thrown to the floor, her hat flew back, and she was shaken up and that when a physician was called, the second day after the accident, he found a tenderness over the fifth and sixth ribs. The deceased had had diabetes several years but she was able to be up and around and do her housework and assist her husband portions of each day in his store and she was able to do this work right up to the time of the accident. She died of diabetic coma three days after the accident but was confined to her bed from the day following the accident up to the time of her death. Immediately after her death two deep-seated bruises as large as a human hand were found on her body as testified to by one witness. The physician who treated deceased testified that she died of diabetic coma which was caused by this accident.

A physician produced by defendant testified: " In the condition this woman was, the accident could have brought on the coma." The verdict was directed in favor of defendant on the theory that death resulted from diabetes and that it was not induced by the injuries — that is, that plaintiff failed to prove that the accident was the proximate cause of intestate's death.

While Mrs. Waterman did not fall to the car floor when the car

was suddenly started, after she had requested the motorman to give her time to reach a seat, I think under the circumstances the inference was justified that the tenderness discovered by the physician over the fifth and sixth ribs when he first called to see her and the bruises found on her body immediately after her death were due to the fact that the car was negligently started before she had time to reach a seat and that the diabetic coma which resulted in her death was caused by the accident.

Under the circumstances, I think the jury should have been allowed to pass .on the question of defendant's negligence and whether such negligence, if established, was the proximate cause of her death. (*McGlynn* v. *Nassau Electric R. R. Co.*, 128 App. Div. 866; *Akersloot* v. *Second Ave. R. R. Co.*, 131 N. Y. 599; *Lansing* v. *Coney Island & Brooklyn R. R. Co.*, 16 App. Div. 146; *McCahill* v. *N. Y. Transportation Co.*, 201 N. Y. 221.)

The judgment should be reversed on the law and a new trial granted, with costs to appellant to abide the event.

HUBBS, P. J., DAVIS, SEARS and TAYLOR, JJ., concur.

Judgment reversed on the law and a new trial granted, with costs to appellant to abide event.