MORRIS SCHARGEL, Respondent, v. UNITED ELECTRIC LIGHT AND
POWER COMPANY, Appellant.

Supreme Court, Appellate Term, First Department, March 18, 1926.

**Trial — verdict — action to recover damages arising from collision between plaintiff's wagon and defendant's motor truck — question of fact was for jury — fact that Appellate Term might have arrived at different result does not warrant reversal of judgment for plaintiff — evidence — preponderance of evidence is not determined by greater number of witnesses.**

The verdict of the jury in favor of the plaintiff, in an action to recover damages arising from a collision between his wagon and defendant's motor truck, will not be set aside where a pure question of fact was presented for the jury, which the trial court was entitled to determine as it did. The fact that the Appellate Term of the Supreme Court, had it tried the cause, would have arrived at a different result, does not warrant a reversal of the judgment. Nor is the judgment against the weight of the evidence because the defendant had the greater number of witnesses, so long as the plaintiff had the probabilities; a fair preponderance of evidence does not necessarily mean the greater number of witnesses.

LYDON, J., dissents, with opinion.

APPEAL by defendant from a judgment of the Municipal Court, Borough of Manhattan, Second District, in favor of plaintiff.

*James J. Mahoney* [*Frederick L. Thielmann* of counsel], for the appellant.

*Frank R. Klein* [*David L. Klein* of counsel], for the respondent.

LEVY, J. A pure question of fact was here presented which the trial court was entitled to determine as it did. It may well be that had we tried the cause, we might have arrived at a radically different judgment, but we do not consider that we are privileged to substitute the result which we might have reached in place of that of the court below. Indeed, this is now so well recognized in principle that it becomes perfectly needless to cite authority in support of the proposition, except perhaps to say with Mr. Justice GAYNOR in *McGlynn* v. *Nassau Electric R. R. Co.* (128 App. Div. 866, 867; affd., 198 N. Y. 522): " As little as we believe that it happened, it was for the jury to say."

It seems to us that if the plaintiff had ventured to furnish in greater or more positive detail the items of description of the truck, etc., we might have been warranted in justly suspecting that his memory in respect to these comparatively unimportant matters was rather unusual and far better than could be expected from one who meets with an unexpected accident.

In regard to the so-called physical facts, that is, the width of the truck and the distance in space between the curb and the plaintiff's wagon, we might adopt too the language in the *McGlynn Case (supra)* where Mr. Justice JENKS, speaking for the Appellate Division, took occasion to say: " I think that the fact that the witness testified that she waited ' a couple of minutes ' was not necessarily to be taken as a statement that she desisted for 120 seconds in the act of seeking the seat.   We all know well that it is common parlance to describe the briefest space of time — a second or a few seconds — by some such expression as ' a minute ' or ' a few minutes.'  ' Loosely,' a minute is ' a short space of time.' (Century Dictionary.) "

Applying this sort of reasoning to one's estimate of distance or dimension under circumstances that usually attend occurrences of the kind we are considering, of necessity we must come to similar result.

A fair preponderance of evidence does not necessarily mean the largest number of witnesses, nor is the judgment against the weight of the evidence because the defendant had the greater number of witnesses, so long as the plaintiff had the probabilities. The judgment should, therefore, be affirmed.

Judgment affirmed, with twenty-five dollars costs.

LYDON, J. (dissenting).   I dissent, upon the ground that the record does not sustain the finding of the trial court.   Plaintiff is his only witness and his testimony as to the license number of the truck that collided with his wagon is very uncertain and is further weakened by his inability to describe the truck by color, size or style.   On the other hand, the defendant produced three witnesses who testified that its truck bearing the alleged license number was not anywhere near the scene of the accident at the time alleged by the plaintiff.   Furthermore, the record discloses that the defendant's truck is five feet eight inches wide and the plaintiff contends that a truck of this width passed between his wagon and the curb and collided with him when his wagon was three feet from the curb and continued on without stopping.   Such contention is untenable.   Therefore, the finding of the trial court is against the weight of evidence.   Judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.