CARMELA CANNAROZZO, as Administratrix, etc., of MICHAEL CANNAROZZO, Deceased, Appellant, *v.* NEW YORK STATE RAILWAYS, Respondent, Impleaded with COSIMO MULE, Defendant.

CARMELA CANNAROZZO, as Administratrix, etc., of GUISEPPE CANNAROZZO, Deceased, Appellant, *v.* NEW YORK STATE RAILWAYS, Respondent, Impleaded with COSIMO MULE, Defendant.

Fourth Department, March 24, 1926.

Street railways — action to recover for death of plaintiff's intestate — verdict for plaintiff properly set aside — instructions — charge on negative evidence too favorable to defendant — order setting aside verdict cannot be reversed on ground that question not submitted presented question of fact.

In an action to recover for the death of plaintiff's intestate, who was killed by a street car, the trial court properly set aside the verdict against the railway company on the ground that it was against the weight of the evidence.

However, an instruction upon the question of negative evidence in relation to giving signals was too favorable to the defendant, for, under certain circumstances, testimony that a signal was not given is entitled to greater weight than stated in the charge.

The order setting aside the verdict cannot be reversed upon the ground that the evidence presented a fair question of fact as to whether under all the circumstances the motorman was, at the time of the accident and immediately before, maintaining a proper lookout, for the question was not submitted to the jury.

APPEAL in the first above-entitled action by the plaintiff, Carmela Cannarozzo, as administratrix, etc., from an order of the Supreme Court, made at the Monroe Trial Term and entered in the office of the clerk of the county of Monroe on the 26th day of January, 1926, setting aside the verdict of a jury in favor of the plaintiff for $3,000 as against the defendant New York State Railways, granting a new trial as to said defendant, and sustaining said verdict as against the defendant Cosimo Mule.

Appeal in the second above-entitled action by the plaintiff, Carmela Cannarozzo, as administratrix, etc., from an order of the Supreme Court, made at the Monroe Trial Term and entered in the office of the clerk of the county of Monroe on the 26th day of January, 1926, setting aside the verdict of a jury in favor of the plaintiff for $8,500 as against the defendant New York State Railways, granting a new trial as to said defendant, and sustaining said verdict as against the defendant Cosimo Mule.

*Forsyth & Forsyth* [*W. S. Forsyth* of counsel], for the appellant.

*Harris, Beach, Harris & Matson* [*Colin McLennan* of counsel], for the respondent.

PER CURIAM. The case was submitted to the jury as to negligence of defendant railroad company upon two questions: 1. Were adequate signals given? 2. Was the car being operated at a negligent rate of speed?

The jury found for the plaintiff. The learned trial court set aside the verdict against the railroad company upon the ground that it was against the weight of the evidence upon the question of signals. We do not feel justified in interfering with the discretion exercised by the learned trial court upon that question. We feel, however, that the charge upon the question of negative evidence was more favorable to the defendant than justified. Negative evidence to the effect that a whistle was not sounded is sometimes entitled to greater weight than stated in the charge. If a witness who was in a situation where he would have been likely to have heard a whistle if one had been sounded, testified that he did not hear one, although not listening for one, his testimony was entitled to consideration even though other witnesses testified that they heard a whistle. (*Henavie* v. *N. Y. C. & H. R. R. R. Co.*, 166 N. Y. 280; *Hintze* v. *N. Y. C. & H. R. R. R. Co.*, 149 App. Div. 217.)

We are urged by the learned counsel for the appellant to reverse the order setting aside the verdict upon the ground that the evidence presented a fair question of fact as to whether, under all the circumstances of the case, the motorman was, at the time of the accident and immediately before, maintaining a proper lookout for approaching vehicles. That question was not submitted to the jury, and we cannot, therefore, reverse the order granting a new trial upon that ground.

Present — HUBBS, P. J., CLARK, DAVIS, SEARS and CROUCH, JJ. All concur.

In each case: Order affirmed, with costs.