THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ESTHER BOTTO, Appellant.

Court of Special Sessions, City of New York, Appellate Part, First Judicial Department, October 15, 1929.

*Jacob Blumberg*, for the appellant.

*Joab H. Banton*, for the respondent.

KERNOCHAN, Ch. J.   This is an appeal from a judgment rendered in the City Magistrate's Court, Ninth District, Borough of Manhattan, adjudging the appellant a vagrant in that on the 5th day of July, 1929, she did knowingly receive into a room in premises in the city and county of New York a man and woman for the purpose of prostitution.

The evidence shows that the premises in question were used by the appellant as a lodging house; that is, that she rented out furnished rooms and according to her testimony she rented to men only.

On the day in question the officers forced their way into the house on what they call the parlor floor. They entered a room on this floor and found a man and woman disrobed in the act of sexual intercourse. The officers then took them down to the basement floor where they found the appellant sitting in a chair. Neither the man nor woman taken in the act of prostitution was a witness in this case, but the officers testified that the woman in the presence of the appellant said that she did not live there but had come there to commit an act of prostitution and that she had received nine dollars, of which two was to go to the appellant for the use of the room. The officer testified that the appellant upon hearing this said: " Well, she pays me for the room, that is all I know about it; I'm renting the rooms here."

The officers testified that they had watched the house for about one-half an hour and had not seen the couple enter.

This was the case for the People and on this the magistrate found that there was *prima facie* evidence that the appellant had knowledge that the room in question was knowingly rented by the appellant for the purpose of prostitution. I think the magistrate erred in not granting the motion then made to dismiss the complaint, for the admissions of the appellant such as they were could hardly have been construed as an admission of knowledge as to the purpose for which the room was being used. It would seem that the magistrate gave too much credence to what the officer said was told him by the woman found in the act of prostitution and too little credence was given to what the appellant actually said. Statements of third parties in the presence of a defendant are not evidence and never can be evidence. They are only important to show the reaction of the defendant to the statements and if that reaction does not show some admission against interest the whole conversation should be stricken from the record.

When called to the stand, the appellant denied that the statements testified to by the officer had been made in her presence and she denied that she made the statements attributed to her. She said that she knew nothing of the presence of the man and woman in her house. I feel that upon the whole case the evidence did not justify a finding that the appellant knew of the act of prostitution committed in her house and, therefore, the judgment must be reversed on the law and facts, the complaint dismissed and the defendant discharged.

HEALY and FETHERSTON, JJ., concur.