EMMA DEVONSHIRE, Plaintiff, v. WILLIAM S. STUBBS, Defendant.

County Court, Cayuga County, January 16, 1930.

*A. J. & F. A. Parker*, for the plaintiff.

*Harry V. Clements*, for the defendant.

MOSHER, J. This motion was made before the judge, presiding at the trial, upon his minutes, at the same term, which still continues by adjournment. (*Hinman* v. *Stillwell*, 34 Hun, 178.) There is no standard or well-defined rule to determine when a verdict may be set aside but it depends in a great degree upon the peculiar circumstances of each case (*McDonald* v. *Metropolitan St. Ry. Co.*, 167 N. Y. 66; *Perham* v. *Cottle*, 98 Misc. 48; affd., 178 App. Div. 949; *Dambmann* v. *Metropolitan St. Ry. Co.*, 55 Misc. 60), and this power is to be cautiously exercised (*Algeo* v. *Duncan*, 39 N. Y. 313, 316), not arbitrarily (*Vanderbilt* v. *Schreyer*, 81 N. Y. 646), in the sound discretion of the judge (*Hanbury* v. *Metropolitan Securities Co.*, 215 App. Div. 225; *Walker* v. *Newton Falls Paper Co.*, 99 id. 47).

The preponderance of testimony, so far as the number of witnesses is concerned, was with the plaintiff on the trial, but that cannot determine the question of credibility nor fix the value of evidence; the facts and circumstances are also to be considered. (*Ludeman* v. *Third Avenue R. R. Co.*, 30 App. Div. 520, 522, 523.) The defendant

opposed his unsupported word to the testimony of plaintiff and her two other witnesses (*Edelson* v. *Monahan*, 126 N. Y. Supp. 583), but a fair preponderance of evidence does not necessarily mean a greater number of witnesses (*Schargel* v. *United E. L. & P. Co.*, 127 Misc. 24; *Trotcky* v. *Forty-second St. R. R. Co.*, 73 Hun, 26, 31); witnesses are weighed, not counted (*Nelson* v. *Easton & Amboy R. R. Co.*, 7 Misc. 656, 659), and the jury are at liberty to believe one witness, even though he be a party, as against a number of other witnesses (*Gottlieb* v. *Coutant*, 70 Misc. 380, 383), and here the defendant testified only against a single witness, on three separate issues or transactions, and he denied them all.

The defendant's testimony was negative, denying the conversation that it was a loan as testified by plaintiff, and the conversation with her former attorney for its repayment, or hearing any talk by plaintiff with her other witness about money; but negative testimony is entitled to consideration if the witness testifies positively (*Henavie* v. *N. Y. C. R. R. Co.*, 166 N. Y. 280) and was well placed to hear (*Greany* v. *Long Island R. R. Co.*, 101 N. Y. 419; *Cannarozzo* v. *New York State Railways*, 216 App. Div. 243), but is of little weight against positive testimony of the fact (*Hoffman* v. *Metropolitan Life Insurance Co.*, 141 App. Div. 713, 716; *Herrman Lumber Co.* v. *Bjurstrom*, 74 Misc. 93). The rule of admission by silence of the truth of statements made in one's presence extends only to cases where the court can say that the natural and reasonable inference from silence is admission (*Legett* v. *Schwab*, 111 App. Div. 341), where made under such circumstances, by such persons and of such a character as naturally call for a reply if he did not intend to admit it (*Legelt* v. *Schwab, supra*). Such statements are not evidence and are important only to show the reaction of defendant to them; if he is silent when he ought to have denied an admission against interest, the presumption of acquiescence exists in cases where statements were made of his own actions or his own liabilities (*Gibney* v. *Marchay*, 34 N. Y. 301, 305; *People* v. *Botto*, 135 Misc. 39), but he is not bound by statements if he did not hear them. This was all left to the jury.

He testified that plaintiff said to give the money to his wife and had never asked him to repay and that the summons herein was served one hour before his remarriage. This testimony was offered to show plaintiff's mental attitude and malice and to affect her credibility, and may have destroyed it, and account for this verdict.

All the witnesses were of high standing and unimpeached. There was sharp conflict on the facts and the case was peculiarly one for the jury, and their verdict should not be lightly treated nor set

aside except for very good and sufficient reasons, and every intendment must be made in its favor. (*Tatum* v. *Tatum*, 88 Misc. 674.) We must assume, until the contrary appears, that the jury followed the instructions of the court and based their verdict upon the evidence (*Weaver* v. *Scripture*, 125 Misc. 741, 746), which determined in defendant's favor every fact of which there was evidence (*Sutter* v. *Vanderveer*, 122 N. Y. 652, 654; *Hospital Supply Co.* v. *O'Neill*, 10 Misc. 655, 657), and that the plaintiff had failed to sustain the burden of estabishing her case by preponderance of proof and the court is not justified in setting it aside as against the weight of evidence unless it can be plainly seen that the preponderance in favor of the plaintiff is so great that the jury could not have reached the conclusion upon any fair interpretation of the evidence. (*Mieuli* v. *N. Y. & Q. C. Ry. Co.*, 136 App. Div. 373; *Meyers* v. *Hines*, 199 id. 594.) When the right to a verdict depends upon the credibility of witnesses and the testimony is not incredible or insufficient in law, the facts are for the jury and their finding is conclusive (*Sawalsky* v. *Pennsylvania R. R. Co.*, 39 App. Div. 661; *Franklin Coal Co.* v. *Hicks*, 46 id. 441), and will not be disturbed if reasonable minds may differ as to the verdict where there is a fair conflict of evidence (*McStay* v. *Erie R. R. Co.*, 99 Misc. 673), as the jury saw the witnesses, heard them testify and observed their demeanor on the stand (*Duffus* v. *Schwinger*, 92 Hun, 70, 73; *Franklin Coal Co.* v. *Hicks, supra*) and are the exclusive judges of the facts. (*Leventhal* v. *Home Ins. Co.*, 165 N. Y. Supp. 323.)

Plaintiff had the greater number of witnesses corroborating her version of the transaction, but the preponderance was not so great that the verdict suggests evil influence or indicates that it was the result of passion, prejudice, bias, corruption or mistake (*Berkowitz* v. *Consolidated Gas Co.*, 134 App. Div. 389; *Schmidt* v. *Brown*, 80 Hun, 183), for reasonable men could differ if they credited the testimony (*McStay* v. *Erie R. R. Co., supra*), and it does not lie with the court to gainsay the verdict (*Hickinbottom* v. *R. R. Co.*, 15 N. Y. St. Repr. 11; *Leszynsky* v. *Leszynsky*, 6 N. Y. Supp. 857; *Proiette* v. *Castanzo*, 198 id. 15), or to say that proof persuasive with the court should have been convincing to the jury. (*Tatum* v. *Tatum* and *Franklin Coal Co.*, v. *Hicks, supra*.) It is not enough to set aside a verdict that there may have been a strong preponderance in favor of the defeated party, when the evidence is conflicting and in some respects flatly contradictory but there is some evidence which, if fully credited, would support the finding of the jury. (*Hickinbottom* v. *R. R. Co., supra*; *Tatum* v. *Tatum, supra*; *Layman* v. *Anderson*, 4 App. Div. 124.)

According the verdict its proper respect, and mindful of the limitations within which the court is justified in interfering therewith, I cannot say that the verdict herein was contrary to the evidence and the weight thereof or that the record shows partiality or a misconception of duty.  (*Finney* v. *Gallaudet*, 2 N. Y. Supp. 707; affd., 119 N. Y. 661.)

Motion for a new trial denied.