THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAMUEL SILVERMAN, Appellant.

Court of Special Sessions, City of New York, Appellate Part, First Judicial Department, New York County, September 16, 1930.

Marks Wolff, for the appellant.

Thomas C. T. Crain, for the respondent.

KERNOCHAN, Ch. J. This is an appeal from a judgment of the City Magistrates' Court declaring the appellant a vagrant pursuant to the provisions of clause (b) of subdivision 4 of section 887 of the Code of Criminal Procedure.

The complaint charges that the appellant procured a woman for one Louis Cohen for the purpose of prostitution. The facts in brief are as follows:

A taxi driver, not the appellant, took two officers to a night club at 110 West Forty-fifth street. Later the officers left the premises and went to Sixth avenue and Forty-eighth street in the same taxicab. There the appellant, driving his taxicab, said to the driver of the officers' cab: " I have got her." The officers' driver said: "All right, I will send him over." Louis Cohen, whom the officers met in the night club, and who was with the officers in their cab, entered the defendant's cab, which the officers said contained a woman, and went to premises 42 West Thirty-fifth street,

the Gregorian Hotel, where Louis Cohen and a woman, Florence Russell, entered the hotel with the appellant. They stood by the clerk of the hotel, talked a while, then entered the elevator and went upstairs. In about ten minutes the appellant came down. The officer then took the appellant up to room No. 6-J, where appellant said that Cohen and Florence Russell were; in this room the officer found the couple in bed together.

The officer then testified that he asked Louis Cohen who had brought him there, and Cohen answered: " The taxi driver." The officer then asked Cohen: " How much did you give the taxi driver for bringing you up here? " Cohen answered: " Nothing." The officer then asked: " Was you going to give him anything? " And Cohen answered: " Yes,— $2.00 when I came out of the room because I had to get one of you fellows next." The officer then asked the appellant if this was true and the appellant denied it, saying that he just went up for his half dollar fare.

The magistrate evidently took this as some evidence tending to connect the appellant with the act of procuring the woman for Cohen for the purpose of prostitution. This was error, for the statement of third parties cannot be taken as evidence and the denial of appellant robs the incident of all probative value. (*People* v. *Botto*, 135 Misc. 39.) Louis Cohen was never called as a witness.

There is not sufficient evidence to sustain the complaint and it should have been dismissed. Judgment reversed on the law, facts examined and no errors found therein. Defendant discharged.

All concur.