## HOFFMAN v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Appellate Division, Second Department.   December 30, 1910.)

1. INSURANCE (§ 292*)—AVOIDANCE—FRAUD—STATEMENTS AS TO HEALTH.

A life policy cannot be enforced, where insured stated that he had not been attended by a physician within three years, and had never been under treatment in any hospital, when in fact he had been in a hospital a month suffering with nephritis, leaving it only a week before making the statement.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 691; Dec. Dig. § 292.*]

2. NAMES (§ 18*)—IDENTITY—PRESUMPTION.

The identity of name of Henry Harris, treated at a hospital, and Henry G. Harris, insured, raises a presumption of identity of person.

[Ed. Note.—For other cases, see Names, Cent. Dig. § 17; Dec. Dig. § 18.*]

3. NAMES (§ 18*)—IDENTITY—EVIDENCE.

Evidence in an action on a life policy *held* to fully identify insured with a person who, contrary to statement in application for insurance, had recently been treated in a hospital.

[Ed. Note.—For other cases, see Names, Cent. Dig. § 17; Dec. Dig. § 18.*]

4. EVIDENCE (§ 586*)—WEIGHT AND SUFFICIENCY—NEGATIVE TESTIMONY.

Testimony that witness was present when insured signed his application, and did not hear him asked if he had ever been in a hospital, being negative, is of little value, as against positive testimony as to the existence of the fact, especially where witness would not state positively that she heard all the questions to insured.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2432–2435; Dec. Dig. § 586.*]

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Harriet Hoffman against the Metropolitan Life Insurance Company.   From a judgment for plaintiff, defendant appeals.   Reversed, and new trial ordered.

See, also, 135 App. Div. 39, 119 N. Y. Supp. 978.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, BURR, and RICH, JJ.

James G. Purdy, for appellant.

Emanuel Jacobus (Henry Marx, on the brief), for respondent.

BURR, J.   Henry G. Harris died July 27, 1907.   In January of the same year defendant issued its policy, by which it agreed, subject to the conditions therein specified, to pay to plaintiff the sum of $207 upon receipt of proofs of his death.   A previous judgment in favor of plaintiff was reversed for failure to show that these were furnished in accordance with the terms of the policy, and particularly because the paper which was furnished as proof of death was incomplete, and evidence offered by plaintiff tending to make the same complete was erroneously excluded.   Upon such paper, in answer to the question "Cause of death," was written the words "See transcript."   We held that defendant should have been permitted to offer in evidence "a transcript from the records of the deaths reported to

the department of health of the city of New York," relating to the death of Henry Harris.  From this it appeared that the cause of Harris' death was "Alcoholism, chronic Bright's," and that a coroner's inquest had been held.  The original complaint alleged that plaintiff and the insured had performed all of the "covenants and conditions on his and her part in said contract or policy to be performed," and we also held that:

"In order to make the proofs complete, it was the duty of the plaintiff under the express provision of the policy to furnish to the defendant the record, evidence, and verdict of the said coroner's inquest, and until that was done proofs of death in accordance with the terms of the contract, and which were a necessary condition precedent to the right to recover upon the policy, had not been furnished."  Hoffman v. Met. Life Ins. Co., 135 App. Div. 739, 119 N. Y. Supp. 978.

After that decision, plaintiff moved to amend the complaint, alleging waiver, instead of full performance.  The complaint as finally amended alleged waiver by defendant of verification by plaintiff of the proofs of death, and also waiver of presentation of record of "coroner's evidence (sic) held."  Upon a new trial, after such amendment, plaintiff has again recovered.

The judgment in her favor must be reversed. . Without discussing the question whether the waiver alleged was established by a fair preponderance of evidence, we think that upon the undisputed testimony there was fraudulent conduct upon the part of the insured which precludes recovery upon the policy.  In connection with the application for insurance, Harris made to the agent of defendant a written statement, over his signature, to the effect that he had not been attended by any physician within three years, and that he had never been under treatment in any hospital.  The accuracy of these statements was of great importance, since, if the answer to these and similar questions indicated freedom from disease, in the case of policies of this character a medical examination of the applicant was dispensed with.  The evidence conclusively establishes that these statements on the part of the applicant were false, must have been known to him to be false, and were fraudulently made.  It appears that he was admitted to the J. Hood Wright Hospital in the city of New York on November 23, 1906, and remained there until December 21, 1906, seven days before the statements above referred to were made.  While there, according to the testimony of the attending physician, he was necessarily treated twice a day.  Testimony of such physician as to the nature of his disease was excluded, on plaintiff's objection that such testimony was incompetent under section 834 of the Code of Civil Procedure.  From the hospital record, which was afterwards admitted without objection, it appeared that he was suffering from nephritis, which was proved to be a general term for, disease of the kidneys, of which Bright's disease is a form.

Plaintiff sought to escape the consequences of this evidence by claiming that there was failure to indentify the Henry Harris who was treated at the hospital with the Henry G. Harris who was insured.  The identification is full and complete.  The identity of name would raise a presumption of identity of person.  Hoffman v. Met.

Life Ins. Co., supra. In addition, the certificate of death gives his residence as 49 West 140th street. The hospital record gives the same address. The application for insurance and the death certificate give his age as 31 years, and state that he was a single man. The hospital record is to the same effect. The application for insurance and the hospital record alike give his occupation as that of clerk. The hospital record gave as the address of a friend to be notified in case of need, John Hoffman, residence Williamsburg. Plaintiff was Harris' sister, and her husband's name was John Hoffman, and he resided at 236 Lee avenue, Williamsburg. It also appeared from a subsequent hospital record that Henry Harris, giving the same age, place of residence, and friend's name as the former Henry Harris (but who then stated that the residence of such friend was at 236 Lee avenue), was admitted to the same hospital in February, 1907, suffering from acute alcoholism. That record gave his occupation as laborer, which corresponds with the occupation given in the death certificate, and would indicate that between December, 1906, and February, 1907, he had changed from his former occupation as clerk. Substantial identity between the disease for which the hospital record shows that he was treated, and the disease which the death certificate states to be the cause thereof, is another circumstance to be considered. With so many points of similarity, it is an insult to intelligence to contend that identity of person has not been established.

Plaintiff's position in the course of the trial involves an inconsistency. If the Henry Harris who was in the hospital is not the same Henry Harris who was insured, her objection to the testimony of the physician as to the nature of his disease upon the ground specified was not well taken. Plaintiff was called in rebuttal, and, in attempting to overcome this overwhelming evidence, testified that during the period above specified she "didn't think" that Harris was away from her house more than a week at a time. But her testimony was weak and uncertain, and on cross-examination she admitted that she did not know whether he was then in the hospital or not. Another witness, an aunt of the insured, was called; but her testimony was of no value, since it related to the six months intervening between January 1, 1907, and the date of his death.

Plaintiff, having testified that she was present when her brother signed the application for insurance, also said that she did not hear any question addressed to him as to whether he had ever been in a hospital. Negative testimony of such a character is of little weight as against positive testimony relating to the existence of a fact. In addition, plaintiff would not state positively that she heard all of the questions addressed to her brother.

The judgment of the Municipal Court appealed from must be reversed, and a new trial ordered; costs to abide the event. All concur.