ney to proceed with the suit for the purpose of establishing the right to recover in the action as it originally stood and to permit a recovery to the extent of the attorney's costs. Randall v. Van Wagenen, 115 N. Y. 527, 22 N. E. 361, 12 Am. St. Rep. 828.

Plainly, then, where the adverse party does not admit the cause of action and pays nothing in settlement of it, but merely agrees upon a discontinuance, or where, as here, he accepts satisfaction of a lien asserted by him on chattels which he thereupon surrenders, no longer having even a claim of right to retain them, the attorney, in order to enforce a claim against him, must establish two things: (1) The right of the plaintiff to recover in the action; and (2) that the parties colluded to deprive him of his fees. It is unnecessary for us to determine how the petitioner should proceed to enforce his claim against the appellant, if he have any; but it is sufficient for the purposes of this decision to hold that he has not established in this proceeding the right to recover any sum of the appellant. He has succeeded merely in having the amount of his lien determined, which, of course, will be conclusive upon the parties in any subsequent proceeding or action which he may be advised to bring.

The order should be modified, so as to provide merely that it be adjudged that the petitioner is entitled to a lien upon the cause of action of the plaintiff, Sophia Nugent, in the action instituted in this court, entitled "Sophia Nugent, Plaintiff, against The Onward Construction Company, Defendant," to the extent of the sum of $625, together with the costs and expenses of the reference, and, as thus modified, it should be affirmed, with $10 costs and disbursements to the appellant, without prejudice to the respondent's right to institute such action or proceeding as he may be advised to enforce his lien. All concur.

---

## DENARO v. PRUDENTIAL INS. CO. OF AMERICA.

(Supreme Court, Appellate Division, Second Department. January 24, 1913.)

1. WITNESSES (§ 211*)—COMPETENCY—PHYSICIAN.
    Under Code Civ. Proc. § 834, providing that no physician shall disclose any information acquired in attending a patient which was necessary to enable him to act in that capacity, evidence by a physician in an action on a life policy that, in answer to a question by witness, who was called to treat insured, insured stated that he was in the care of another physician and told his trouble, and that insured was at the time coughing and had bled badly, and said he had been sick for a long time, was not admissible.

    [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 768, 773; Dec. Dig. § 211.*]

2. WITNESSES (§ 214*)—COMPETENCY—PHYSICIANS.
    Under Code Civ. Proc. § 834, prohibiting the disclosure of information acquired by a physician necessary to enable him to act professionally, the fact that disclosures by a patient to his physician were made in the presence of members of the patient's family would not authorize the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

physician to testify thereto; the rule that communications to attorneys, made in the presence of others, are not privileged, not being applicable.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 776; Dec. Dig. § 214.*]

3. APPEAL AND ERROR (§ 1051*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

Where, in an action on a life policy, defended for fraud by insured, one issue was as to fraud in that the applicant and the person examined were not the same, and it appeared that the supposed applicant was examined by the company's physician, proof by defendant that insured had falsely stated that he had not been examined by a physician during three years past would not render harmless the erroneous admission of evidence by insured's physician of statements to him by insured as to the nature and extent of his present and past illness.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. § 1051.*]

4. INSURANCE (§ 646*)—ACTION ON POLICY—FRAUD—PRESUMPTION.

Fraud by insured in applying for a life policy is not presumed, and must be proved.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1555, 1645–1668; Dec. Dig. § 646.*]

Appeal from Trial Term, Kings County.

Action by Marianna Denaro against the Prudential Insurance Company of America. From a judgment for defendant, and an order denying a motion for a new trial, plaintiff appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

William H. Griffin, of New York City, for appellant.

Alfred M. Bailey, of New York City, for respondent.

WOODWARD, J. The complaint sets forth a cause of action on a policy of insurance issued upon the life of one Francesco Denaro, whose mother is the plaintiff in this action. The defendant set up an affirmative defense, alleging fraudulent representations on the part of Francesco Denaro, in that prior to his medical examination, and at the time thereof, he was not in good health; that he had been advised to seek a change of climate for his health; that he had had a serious illness; that he had been attended by a physician during the past three years, all of which facts were known to him; and that the defendant, relying upon the truth of these representations so falsely made by the said Francesco Denaro, was induced to issue and deliver to him its policy of insurance upon his life. It is also asserted by the insurance company that at the time of the medical examination, made by the medical examiner of the defendant, a person other than Francesco Denaro, the applicant for insurance, falsely impersonated him, and was examined for insurance in the defendant company, and signed said application, forging the name of Francesco Denaro thereto. The action was tried before a jury, resulting in a verdict in favor of the defendant, and there would seem to be no question that this verdict is fully supported by the evidence.

[1] The difficulty is that there are material errors in the admission

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of evidence, and, as the verdict is general, we are unable to say that the jury would have found the fraud in this case, had it not been for the evidence which was permitted to go into the record. The defendant, in support of its defense, called three physicians, who testified that they had been called by Francesco Denaro, and that they had treated him professionally, and these physicians severally testified to the fact that he had been ill, and had been treated by them within the time that the insured denied having been so treated in securing his policies, and also that he had been in a hospital, and other matters · tending to show that his statements as to his condition were false, and that he must have known them to be false. This evidence was all admitted over the plaintiff's objection that it was incompetent under the provisions of section 834 of the Code of Civil Procedure, and the objections were followed by exceptions to the rulings admitting such testimony. There was, therefore, no waiver of the plaintiff's rights, and there is no suggestion that these physicians did not come within the limitations of the statute.

The learned counsel for the respondent urges, however, that it was not error to permit this testimony of the physicians employed by the deceased, and cites Patten v. United Life & Accident Insurance Association, 133 N. Y. 450, 31 N. E. 342, in support of the contention. In that case no objection was made to the admission of the testimony on the ground that it violated section 834 of the Code of Civil Procedure, and the court went no further than to hold in that particular case that it would have been competent to show by the physician under examination upon a commission that he attended the deceased professionally, that the patient was sick, and the number of times and the dates of such attendance. Obviously none of these matters were necessarily excluded by the statute, which provides that a "person duly authorized to practice physic or surgery, or a professional or registered nurse, shall not be allowed to disclose any information which he acquired in attending a patient, in a professional capacity, and which was necessary to enable him to act in that capacity," etc. Section 834, Code of Civil Procedure. The information must be disclosed to the physician in his professional capacity, and be "necessary to enable him to act in that capacity"; and while it may be conceded that the fact of sickness, without disclosing its particular character, comes pretty close to the line, if such sickness is disclosed to the doctor in his professional capacity, and is necessary for his information in dealing with the case, there is clearly no objection to the physician testifying that he did attend a person in his professional capacity, for this is necessary to be shown in order to exclude his testimony as to what information he gathered in the discharge of his professional duties, and if he may testify as to the fact of an original attendance, he may properly state the number of times and the dates of such attendance.

In the case at bar, however, the testimony went much beyond this. One of the physicians, over the specific objection of the plaintiff that it was incompetent under this provision of the Code of Civil Proce-

dure, was permitted to testify to a conversation with the insured, as follows:

"I asked him how long he was sick, and he told me that he was in the care of another physician, called about two days before, Dr. Collaria. He told me what was his trouble. He was coughing, had some bad bleeding, and I examined him. He said that he was sick for a long time before he called me."

[2] A motion was made to strike this testimony out (the right being reserved in the ruling on the original objection), but the motion was denied; the plaintiff excepting. Subsequently two of these physicians were called and testified more in detail, stating that the insured had admitted being infected with syphilis for three years; but it is urged that these communications were made to the physicians in the presence of the insured's father or others near, and that under the rule which prevails in reference to attorneys, where communications are made to them in the presence of third parties, it loses the character of a confidential communication, that this testimony is not objectionable. We do not think, however, that the situations are analogous. Where a client visits his attorney with an opposing party, and they all enter into a general discussion, or the attorney is asked to become a witness to the execution of a paper, etc., there is an obvious intent to make the communication public; but when a physician enters a house for the purpose of attending a patient, he is called upon to make inquiries, not alone of the sick person, but of those who are about him and who are familiar with the facts, and communications necessary for the proper performance of the duties of a physician are not public, because made in the presence of his immediate family or those who are present because of the illness of the person. Of course, the persons who are present are not denied the right to testify. It is only the physician who is bound by the rule; but it is absolute as to him, except in those exceptions provided by the statute. He is forbidden, not to reveal communications from his patient, but "any information which he acquired in attending a patient, in a professional capacity, and which was necessary to enable him to act in that capacity"; and it is of no consequence how the information was acquired, whether by some one telling him, or by observation, or in any other manner. Earl, J., in writing the unanimous opinion of the court in Renihan v. Dennin, 103 N. Y. 573, 579, 9 N. E. 320, 322 (57 Am. Rep. 770), distinctly overthrows this contention. He says:

"It is also claimed that the statute should be so construed as only to prohibit the disclosures by a physician of any information of a confidential nature obtained by him from his patient while attending him in a professional capacity. Such was the view of the statute taken by me in my opinion in Edington v. Ætna Life Ins. Co., 77 N. Y. 564; but my Brethren were then unwilling to concur with me in that view. When the same question again came before the court in Grattan v. Metropolitan Life Ins. Co., 80 N. Y. 281, 36 Am. Rep. 617, I again attempted to enforce the same view upon my Brethren, and again failed, and it was then distinctly held that the statute could not be confined to information of a confidential nature, and that the court was bound to follow and give effect to the plain language, without interpolating the broad exception contended for."

While the contention is plausible, and has been held by one of the most distinguished jurists of the state, it is lacking in authority, and cannot prevail here.

[3] It is suggested, however, that it is sufficient to sustain this judgment that the defendant proved at the trial that Francesco Denaro had stated that he had not been attended by a physician during the past three years, whereas he had been treated by Dr. Bottaro on January 28, 1910, prior to the application on February 2, 1910, and that he knew that fact, and it is urged that this testimony was competent, and that under the holding of this court in Hoffman v. Metropolitan Life Ins. Co., 141 App. Div. 713, 126 N. Y. Supp. 436, that a policy could not be enforced where the insured had stated that he had not been attended by a physician within three years, and had never been in a hospital, where in fact he had been a patient in a hospital for a month, and had been attended by a physician, this judgment should be sustained. In the case relied upon the court pointed out that the "accuracy of these statements was of great importance, since if the answer to these and similar questions indicated freedom from disease, in the case of policies of this character a medical examination of the applicant was dispensed with," and this condition does not appear here, for the supposed applicant was examined by the company's own physician, and one of the elements of fraud is alleged to have been that the person making the application, and the one examined, are not the same person.

[4] The policy provides that in the absence of fraud all statements shall be deemed representations, and not warranties, and it is the universal rule that fraud must be established, and is not to be presumed.

The judgment and order appealed from should be reversed, and a new trial granted; costs to abide the event. All concur.