JULIUS STEINBERG, Respondent, v. NEW YORK LIFE INSURANCE COMPANY, Appellant.

Third Department, May 10, 1933.

*Louis H. Cooke* [*Kenneth deF. Carpenter* and *William G. Birmingham* of counsel] for the appellant.

*Baker & Oppenheim* [*Ellsworth Baker* and *Morris M. Oppenheim* of counsel], for the respondent.

HEFFERNAN, J. Between December 14, 1928, and January 18, 1929, respondent made four written applications to appellant for ordinary life insurance policies. In consideration of the payment by the respondent to the appellant of a specific sum and the agreement to pay a like sum annually appellant issued the policies applied for with provision in each for disability and double indemnity benefits. Prior to the issuance of the policies respondent was physically examined by a physician of appellant's selection. He made and signed answers to the various questions asked in the examination and the report of the physicians was attached to the policies and made a part of it. Specific inquiries were made as to whether or not respondent had ever consulted any physicians for any ailment or disease of certain organs and parts of the body. Inquiry was also made as to whether or not respondent had consulted a physician or practitioner for any ailment or disease not included in his previous answers. The respondent answered these questions in the negative. He was also asked this question: " .What physicians or practitioners, if any, not named above, have you consulted or been examined or treated by within the past five years?" His answer was: " Dr. Shulman, Fox Street, four years ago. Cold. Well in few days."

The trial judge found that in 1930, while the policies were in force, respondent became ill of moderately advanced active pulmonary tuberculosis, a bodily disease. Notice of the condition of respondent was given to appellant and the latter, after examination, paid the respondent the disability benefits provided by the policies monthly for the period between June 15, 1931, and January 15, 1932, amounting to the sum of $2,000. Appellant

then discontinued the payment of disability benefits and threatened to cancel the policies unless premiums previously waived were paid. Respondent thereupon brought this action to recover the disability benefits under the four policies and for equitable relief restraining appellant from revoking the waiver of premiums and canceling the policies. Appellant's answer admits the execution and delivery of the four policies and the non-payment of the disability benefits sued for and pleads as an affirmative defense that it was induced to issue the several policies relying upon respondent's alleged false and fraudulent representations to appellant's medical examiner, " in that plaintiff failed to disclose to defendant that prior to the date of his said application, he had suffered from pulmonary tuberculosis, on account of which he had been reported as tubercular to the State health authorities, and on account of which he had consulted, been examined and treated by a physician or physicians." Appellant also asks judgment of rescission and for the recovery of the disability benefits theretofore paid.

On this appeal appellant takes the position that respondent obtained these policies upon fraudulent representations which constituted misrepresentations as to material facts.

On the trial respondent established by uncontradicted medical testimony that subsequent to the issue of the policies he became afflicted with pulmonary tuberculosis and that this condition existed for about one year prior to the trial of the action. It definitely fixes the condition of respondent during the period for which recovery is sought and unquestionably brings him within the protection of the provisions of the policies unless the contracts are vitiated by fraud.

Upon the trial of the action appellant produced two physicians who testified that they were acquainted with respondent. One of them swore that respondent consulted him in a professional capacity about half a dozen times prior to December, 1928. The other physician said that he had been consulted by respondent professionally a few times prior to the same date. Appellant's counsel asked each of the physicians this question: " Q. At that time did you find him suffering from any ailment or disease? " Respondent objected to this on the ground that it was a privileged communication and prohibited by section 352 of the Civil Practice Act. After discussion between counsel and the court defendant's counsel withdrew the question but again asked witness this question: " Q. At the time he consulted you, or on the occasions he consulted you, was he suffering from any ailment or disease? " The same objection being made the court overruled the same and denied a motion to strike out the answer. Plaintiff's counsel excepted.

Defendant's counsel then asked: " Q. What was that ailment or disease, Doctor? " The same objection was made by plaintiff's counsel. The court sustained the objection and appellant excepted. The learned trial court in its opinion stated that in reaching this conclusion it relied upon the case of *Patten* v. *United Life & A. Ins. Assn.* (133 N. Y. 450). We think the trial court committed no error in this ruling. (*Klein* v. *Prudential Ins. Co.*, 221 N. Y. 449; *Cirrincioni* v. *Metropolitan Life Ins. Co.*, 223 App. Div. 461; *Sparer* v. *Travelers Ins. Co.*, 185 id. 861.)

It was entirely competent to permit the appellant to show that the relationship of physician and patient existed between respondent and these physicians and that respondent was sick. Appellant attempted, however, to show that respondent was suffering from an ailment or disease. There is a vast distinction between sickness and ailment or disease. A headache, a cold or a slight functional disturbance may render one sick and yet not constitute an ailment or disease. A patient who is suffering from a cold with more or less congestion of the lungs can hardly be said to be afflicted with an ailment or disease of the lungs. The examination which these physicians made of respondent was prior to the year 1928. No time is definitely fixed. There is no proof in the record that it was within or subsequent to the five-year period. No testimony was given by either of the physicians regarding the nature of respondent's illness. Neither of them mentioned pulmonary tuberculosis or any other disease.

There is, however, another answer to appellant's contention. There is no allegation in its pleading that plaintiff was guilty of any fraud in suppressing information as to consultations with other physicians. Appellant made a distinct issue with respect to the cause of action set forth in the complaint. It expressly alleged that respondent failed to disclose to it that prior to the date of his application he had suffered from pulmonary tuberculosis on account of which he had been reported as tubercular to the State health authorities and on account of which he had consulted, been examined and treated by a physician or physicians. On the trial it sought to succeed by proof of another and distinct fraud. No amendment of the answer was asked or allowed. The object of a pleading is to specifically advise the opposing party as to what subjects of proof he must anticipate. If a litigant can allege one cause of action or defense and succeed upon an entirely different theory his pleading will serve no purpose whatever except to ensnare and mislead his adversary. The rule is explicit and absolute that a party must recover in chancery according to the case made in his bill, or not at all, and this rule applies equally to actions at law. (*McNeil* v.

*Cobb*, 186 App. Div. 177.) The authorities are all to the effect that it is a fundamental rule that a judgment shall be *secundum allegata et probata* and that to depart from that rule is certain to produce surprise, confusion and injustice. (*Southwick* v. *First National Bank of Memphis*, 84 N. Y. 420; *Romeyn* v. *Sickles*, 108 id. 650; *Brightson* v. *Claflin Co.*, 180 id. 76.)

It is the universal rule that fraud must be established and is not to be presumed. (*Denaro* v. *Prudential Ins. Co.*, 154 App. Div. 840.)

A party seeking the aid of a court of equity to rescind a contract upon the ground of fraud must establish the fraudulent representation of the material facts alleged in the answer, its falsity, reliance and damage. (*Ressler* v. *Samphimor Holding Corp.*, 201 App. Div. 344.)

In this case we have merely the assertion in the answer that respondent suffered from tuberculosis, unsupported by any proof concerning the existence of this condition. The cases of *Saad* v. *New York Life Ins. Co.* (201 App. Div. 544; affd., 235 N. Y. 550), *Klapholtz* v. *New York Life Ins. Co.* (218 App. Div. 695), and *Travelers Ins. Co.* v. *Pomerantz* (246 N. Y. 63), upon which appellant relies, are not in point. The sole issue presented by the appellant's pleading was the allegation of fraud that the respondent suffering from pulmonary tuberculosis failed to disclose it. The cases cited by the appellant were determined upon an allegation of fraud charging the insured with having specifically denied that he had consulted or been treated by any physician within five years then last past. That allegation of fraud was specifically alleged and proven. This alleged fraud is not set forth in appellant's answer, nor was it proven upon the trial.

The judgment appealed from should be affirmed, with costs.

HILL, P. J., RHODES and CRAPSER, JJ., concur; BLISS, J., dissents with an opinion.

BLISS, J. (dissenting). The court committed reversible error when it refused to allow the defendant's medical witnesses to testify as to whether the plaintiff was suffering from any ailment or disease when they treated him prior to his applications for the policies of insurance. When plaintiff showed by medical testimony that subsequent to the issuance of these policies he became afflicted with pulmonary tuberculosis and the duration of its existence he waived the statutory privilege, and the defendant should then have been allowed to pursue its inquiry into plaintiff's physical condition and the duration of this same disease.

Judgment affirmed, with costs.