KATE PALMER, Respondent, v. THE JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY OF BOSTON, MASSACHUSETTS, Appellant.*

Supreme Court, Appellate Term, First Department, March 8, 1934.

*Tanner, Sillcocks & Friend* [*Herbert F. Garrick* of counsel], for the appellant.

*Thomson & McGinty* [*John J. McGinty* of counsel], for the respondent.

PER CURIAM. Defendant, *prima facie*, proved breach of the conditions of the policy. Plaintiff had it within her power to rebut the defendant's evidence, but did not. The evidence shows the certificate of death and the hospital certificate were furnished with the proofs of death and the statements therein were competent

---

* See, also, 148 Misc. 324.

evidence as admissions by plaintiff. The hospital record, under section 374-a of the Civil Practice Act, was admissible to show date of entry and discharge and that the deceased was treated, but not competent to prove diagnosis which was privileged under section 352 of the Civil Practice Act.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, HAMMER, CALLAHAN and FRANKENTHALER, JJ.