LUCY SOMMER, Respondent, v. THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, Appellant.— Plaintiff, as beneficiary, brought suit to recover upon a policy, issued by the defendant, insuring the life of plaintiff's husband in the sum of $7,000. The policy lapsed for non-payment of premium. Upon written application by the insured, it was reinstated on August 15, 1935. The insured died in November, 1935. The action was defended upon the ground that certain representations made by the insured in his application for reinstatement were false and fraudulent. Upon motion at the close of the evidence, the court dismissed the defendant's equitable counterclaim and directed a verdict in favor of the plaintiff. The judgment is reversed on the law and a new trial is granted, costs to abide the event. It was error for the court to exclude in their entirety the records of the New York Orthopaedic Hospital and Dispensary. They were admissible for the limited purposes stated in *Palmer* v. *John Hancock Mut. Life Ins. Co.* (150 Misc. 669). It was likewise error to exclude the evidence sought to be elicited from Doctor Roberts and Doctor Trachtman. The proofs of death voluntarily furnished by the plaintiff disclosed that the insured died of coronary thrombosis, with fibrosis of the myocardium a contributing cause. The plaintiff

was bound by the statements made therein. They are *prima facie* evidence that they are true. (*Rudolph* v. *John Hancock M. L. Ins. Co.*, 251 N. Y. 208.) Consequently, the defendant was entitled to show the nature of the disease and whether or not it was chronic, progressive and of long standing. (*Edington* v. *Ætna Life Ins. Co.*, 77 N. Y. 564.) Hagarty, Davis, Adel, Taylor and Close, JJ., concur.