### In re ALBERT LINDLEY LEE MEMORIAL HOSPITAL.

#### No. 35, Docket 22769.

United States Court of Appeals Second Circuit.

Argued Nov. 12, 1953.

Decided Dec. 18, 1953.

W. Marcus Crahan, Fulton, N. Y., for intervenor-appellant.

H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, A. F. Prescott and Frederic G. Rita, Sp. Assts. to the Atty. Gen., and Anthony F. Caffrey, U. S. Atty., Syracuse, N. Y., for the United States and Director of Internal Revenue.

Before SWAN, FRANK and MEDINA, Circuit Judges.

SWAN, Circuit Judge.

On November 5, 1952 a special agent of the Bureau of Internal Revenue served on the Albert Lindley Lee Memorial Hospital, Fulton, N. Y., a summons issued pursuant to 26 U.S.C.A. § 3614(a) for the purpose of inquiring into the tax liability of Dr. Anthony J. Cincotta for the years 1946 through 1950 inclusive. The Hospital having refused to comply with the summons, the United States Attorney for the Northern District of New York applied to the District Court. pursuant to 26 U.S.C.A. § 3633 and obtained an *ex parte* order directing the

Hospital to allow the Internal Revenue agent to inspect its books in order to obtain the names and addresses of Dr. Cincotta's patients admitted to the Hospital during the tax years in question. Dr. Cincotta promptly moved for leave to intervene, which was granted, and for vacation of the *ex parte* order. The Hospital made a similar motion to vacate. From the order denying the motions, D.C., 115 F.Supp. 643, both the Hospital and Dr. Cincotta appealed. The Hospital, however, has apparently abandoned its appeal, as it has filed no brief.

Although the parties have not raised it, the first question is as to appellate jurisdiction. In United States v. United Distillers Products Corp., 2 Cir., 156 F. 2d 872 and In re National Public Utility Investing Corp., 2 Cir., 79 F.2d 302, this court assumed without discussion that it had jurisdiction to review an order such as the present appeal brings up. The question was recently thoroughly discussed by the Fifth Circuit in Falsone v. United States, 205 F.2d 734, which held the district court's order final and appealable. We agree, and see no reason to add to that discussion.

■ The appellant contends that the law of New York must be applied and that the only question presented by the appeal is whether the furnishing of the names and addresses of the appellant's patients admitted to the Hospital on his instructions is prohibited by sections 352 and 354 of the New York Civil Practice Act relating to privileged communications between physician and patient. In a careful and able opinion In re Albert Lindley Lee Memorial Hospital, D. C., 115 F.Supp. 643, Judge Brennan decided the case on the basis of New York law. He concluded that the state decisions permit a doctor to testify to the fact that he attended a patient professionally, although the statute forbids disclosure of the nature of the patient's illness;[1] and *a fortiori* a hospital should be permitted to testify as to its admission of a patient and who was the patient's doctor.[2] These facts are patent to anyone who sees a person in a hospital and observes what doctor is attending him. The patient does not enter the hospital secretly; nor does the attending physician conceal his identity. Facts which are plain to the observation of anyone are not within the prohibition of the privilege of confidential communications. See Klein v. Prudential Ins. Co., 221 N.Y. 449 at page 453, 117 N.E. 942.

■ If we thought New York law controlling, we should have nothing to add to Judge Brennan's opinion since we are satisfied that he has correctly analyzed the state cases. But determination of what evidence is admissible in an income tax investigation authorized by 26 U.S.C.A. § 3614(a) is a matter to be decided according to federal law. Such investigatory inquiry by a Government agent is not a judicial proceeding. As we said in Bolich v. Rubel, 2 Cir., 67 F.2d 894, 895, "It is strictly inquisatorial, justifiable because all the facts are in the taxpayer's hands." Even administrative agencies like the Federal Trade Commission, the Labor Board and the Interstate Commerce Commission have never been restricted by the rigid rules of evidence applicable in courts of law.[3] As pointed out in Torras v. Stradley, D.C.N.D.Ga., 103 F.Supp. 737, 739, there is even less reason to restrict the revenue agent's inquiry by technical rules of evidence. We agree, there-

1. Patten v. United Life & Accident Ins. Ass'n, 133 N.Y. 450, 452, 31 N.E. 342; Klein v. Prudential Ins. Co., 221 N.Y. 449, 453, 117 N.E. 942; Steinberg v. New York Life Ins. Co., 238 App.Div. 206, 264 N.Y.S. 399, reversed on other grounds, 263 N.Y. 45, 188 N.E. 152, 90 A.L.R. 642; Keck v. Metropolitan Life Ins. Co., 238 App.Div. 538, 264 N.Y.S. 892.

2. See Lorde v. Guardian Life Ins. Co., 252 App.Div. 646, 300 N.Y.S. 721; Palmer v. John Hancock Mut. Life Ins. Co., 150 Misc. 669, 270 N.Y.S. 10.

3. Federal Trade Com'n v. Cement Institute, 333 U.S. 683, 705, 68 S.Ct. 793, 92 L.Ed. 1009; Opp Cotton Mills v. Administrator, 312 U.S. 126, 155, 61 S.Ct. 524, 85 L.Ed. 624; Consolidated Edison

fore, with the decision in Falsone v. United States, 5 Cir., 205 F.2d 734 that neither state statute prohibiting the use of privileged communications in court actions nor Rules 81(a) (3) and 43(a) are applicable to the investigatory inquiry by a revenue agent pursuant to 26 U.S.C.A. § 3614(a).

■ This is not to hold that the revenue agent can use the hospital records to learn the nature of a patient's illness. It may well be he cannot.[4] In McMann v. Securities and Exchange Commission, 2 Cir., 87 F.2d 377, 378, 109 A.L.R. 1445, Judge L. Hand, speaking for the court, assumed that the conduct of investigations under subpoenas issued by the Commission "is subject to the same testimonial privileges as judicial proceedings". We will make the same assumption as to a revenue agent's investigatory inquiry. But he is not seeking privileged information as to the nature of a patient's illness; all he desires is information as to the names and addresses of the taxpayer's patients in order, no doubt, to interrogate the taxpayer or the patients, or both, as to the amounts received by the doctor in payment for professional services during the tax years under investigation. All that the order directs the Hospital to disclose is the names and addresses of the appellant's patients. It is doubtless true, as the appellant vehemently argues, that subsequent interrogation of the patients at their homes, may cause them embarrassment or humiliation, if the fact of their hospitalization should thus become known to their families or friends who were previously ignorant of it. But such embarrassment or humiliation would not result from the mere fact of hospitalization—that is no disgrace —but from the actual or suspected reason for the patient's need of hospitalization. The public interest in the collection of taxes owing by a taxpayer outweighs the private interest of the patient to avoid embarrassment resulting from being required to give the revenue agent information as to fees paid the attending physician. Judge Brennan has done all he could to protect the patients by the final paragraph of his opinion which reads as follows:

"Inasmuch as there is no positive evidence here that the books and records of the hospital can not be inspected to obtain the information authorized without the disclosure of information which may properly be termed confidential, the motions will be denied. The hospital, however, is to take all precautions necessary to insure that the treatment afforded any patient or the diagnosis of his illness shall not be disclosed. If further instruction as to the procedure to be followed is desired of this Court by any party, application may be made therefor." [115 F.Supp. 646.]

The order on appeal is affirmed.

Co. v. National Labor Relations Board, 305 U.S. 197, 229–230, 59 S.Ct. 206, 83 L.Ed. 126; Interstate Commerce Com'n

v. Baird, 194 U.S. 25, 44, 24 S.Ct. 563, 48 L.Ed. 860.

4. See Thompson v. Prudential Life Ins. Co., 266 App.Div. 783, 41 N.Y.S.2d 621.