**J. E. WALL, District Director, Appellee,**

v.

**Calvin D. MITCHELL, Appellant.**

**No. 8215.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 12, 1961.

Decided Feb. 10, 1961.

———◆———

Richard E. Thigpen, Jr., and Richard E. Thigpen, Charlotte, N. C. (Robert L. Hines, Charlotte, N. C., on brief), for appellant.

William A. Friedlander, Attorney, Department of Justice, Washington, D. C.

(Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson and Meyer Rothwacks, Attorneys, Department of Justice, Washington, D. C., and James M. Baley, Jr., United States Attorney, Asheville, N. C., on brief), for appellee.

Before SOBELOFF, Chief Judge, BOREMAN, Circuit Judge, and FIELD, District Judge.

PER CURIAM.

This is an appeal from an order entered by the District Court in a proceeding under Section 7604, Internal Revenue Code of 1954 [1], directing the appellant, as president of Southern Appliances, Incorporated, a corporation, to give testimony and produce certain records of the corporation in response to a summons issued and served upon him pursuant to the provisions of Section 7602, Internal Revenue Code of 1954.[2]

■ The records sought by the District Director covered the years 1944 through 1958, inclusive. The appellant complains of the District Court's action, contending that since the statute of limitations has run on thirteen of the years in question, the District Director had failed to establish sufficient grounds for inquiry or production of the records. Admittedly, however, the existence of fraud in any of the subject years would remove the statutory bar [3], and a bona fide suspicion of fraud justifies the investigation of the appropriate records.[4]

■ We are well aware of the conflict among the several circuits relative to the showing of suspected fraud required from the Internal Revenue Service in such cases [5], but we do not find it necessary to make a choice of criteria at this time. Here, the District Judge made a finding that there was probable cause

1. 26 U.S.C.A. § 7604.

2. 26 U.S.C.A. § 7602.

3. I.R.Code, 1954, § 6501(c) (1); 26 U.S.C.A. § 6501(c) (1).

4. Boren v. Tucker, 9 Cir., 239 F.2d 767.

5. Boren v. Tucker, supra; O'Connor v. O'Connell, 1 Cir., 253 F.2d 365; Foster v. United States, 2 Cir., 265 F.2d 183; Globe Construction Co. v. Humphrey, 5 Cir., 229 F.2d 148; Peoples Deposit Bank & Trust Co., Paris, Ky. v. United States, 6 Cir., 212 F.2d 86.

to suspect fraud in connection with the income tax returns filed by the taxpayer for the years in question. This finding was based on evidence of variance in profit and inventory figures shown on the tax returns as compared to reports filed with a banking institution; activities of agents of the taxpayer in removing reports from the bank's files as well as evidence of improper personal expense items paid by the corporation.

Since the issue of fraud was actually tried before the District Court[6] and there was substantial evidence to support his finding, the judgment below is

Affirmed.

---

**6.** Rule 15(b), F.R.Civ.P. 28 U.S.C.A.

