In the Matter of the Application for Enforcement of Summonses Issued by the Commissioner of Internal Revenue to Maurice L. and Helen T. DAVIS, Individually and Maurice L. Davis, as Trustee of Trusts "A" and "B", dated March 1, 1952, and Trusts "A", "B", "C" and "D", dated October 1, 1952.

Romuald M. SOJA, Internal Revenue Agent, Petitioner-Appellee,

v.

Maurice L. and Helen T. DAVIS, Individually and Maurice L. Davis, as Trustee of Trusts "A" and "B", dated March 1, 1952, and Trusts "A", "B", "C" and "D", dated October 1, 1952, Respondents-Appellants.

No. 13558.

United States Court of Appeals Seventh Circuit.

May 14, 1962.

Walter J. Rockler, Chicago, Ill., for appellant.

Louis F. Oberdorfer, Asst. Atty. Gen., Burton Berkley, Attorney, Tax Division, U. S. Department of Justice, Washington, D. C., James P. O'Brien, U. S. Atty., Chicago, Ill., Lee A. Jackson, Joseph M. Howard, Attorneys, Department of Justice, Washington, D. C., Henry T. Sanders, Asst. U. S. Atty., for appellee.

Before HASTINGS, Chief Judge, and KNOCH and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

This is an appeal from an order of the District Court directing the appellant,[1] Maurice L. Davis, as an individual and as the trustee of six specified trusts, to comply with eight summonses issued by the Internal Revenue Service calling for the production of certain books and records. Appellant had appeared before the Internal Revenue Agent but refused to produce the information or records called for in the summonses. Appellee filed a petition in the District Court pursuant to the provisions of 26 U.S.C.A. § 7604 praying that a writ of attachment issue to bring appellant before the court to show cause why he should not be held for contempt for failure to comply with the summonses of the Commissioner of Internal Revenue. The appellant filed an answer and, after a hearing, the District Court entered the order from which this appeal is prosecuted.

The government contends that the order appealed from is interlocutory and that therefore this Court lacks jurisdiction of this appeal. Our agreement with the government's contention is dispositive of the appeal and makes it unnecessary for us to consider other issues raised by the parties.

The decision of this Court in Jarecki v. Whetstone, 7 Cir., 192 F.2d 121 is a controlling precedent on the issue here presented. We had occasion to point out in United States v. Vivian, 7 Cir., 217 F. 2d 882, that the rationale of Whetstone

1. Helen T. Davis, appellant's wife, is not a party to this action.

is grounded on the nature of the specific statutory provision here involved. § 7604 provides "for an attachment against [the recusant witness] as for a contempt". The proceedings is one for contempt and the order to testify and produce the records designated is but an interlocutory step to afford the witness an opportunity to purge himself. It is not the "end of a proceeding begun against the witness". · Cf. Ellis v. Interstate Commerce Commission, 237 U.S. 434, 442, 35 S.Ct. 645, 59 L.Ed. 1036. In Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783, it was recognized (p. 329, 60 S.Ct. p. 540) that procedures for the enforcement of subpoenas may differ and that where a statutory proceeding afforded for the enforcement of an administrative subpoena terminates with the order directing compliance such an order is final and reviewable. But such is not the case with a contempt proceeding initiated pursuant to § 7604. Such proceeding is not terminated by an order directing compliance.

And, contrary to appellant's contention, our decision in McDermott v. John Baumgarth Company, 7 Cir., 286 F.2d 864, is not a rejection of Whetstone. There the government's appeal was from an order directing that books and records be returned to the taxpayer[2] but that the Internal Revenue agents be given access to certain of them. The order was a complete and final rejection of the government's claimed right to continued possession of the books and records and the relief it sought to obtain and in substance terminated the proceeding.

We are cognizant that other Circuits have held that an order directing compliance entered pursuant to § 7604 is final and appealable within the meaning of 28 U.S.C.A. § 1291.[3] In our considered judgment the opinions embodying such rulings have failed to recognize the distinction between a contempt proceeding initiated pursuant to § 7604—which is not terminated by the order directing compliance—and other types of statutory enforcement procedures in which the enforcement order is the end of the proceeding, complete in itself, and the order, if not obeyed, the basis for a contempt adjudication in a separate proceeding.

Appellant's appeal is dismissed for lack of jurisdiction.

Appeal dismissed.

---

2. The taxpayer asserted by way of cross-appeal that the government had failed to establish a right to examination of the books and records to which it was accorded access under the order. This Court rejected the taxpayer's contention and affirmed the order without discussion of the Court's jurisdiction of the cross-appeal.

3. O'Conner v. O'Connell, 1 Cir., 253 F.2d 365; In re Albert Lindley Lee Memorial Hospital, 2 Cir., 209 F.2d 122; Falsone v. United States, 5 Cir., 205 F.2d 734; Brownson v. United States, 8 Cir., 32 F. 2d 844. Cf. Wall v. Mitchell, 4 Cir., 287 F.2d 31, where the question was not raised.